UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------
JAMES G.,

                         Plaintiff,          <u>DECISION AND ORDER</u>
                                           1:25-cv-03324-GRJ

        v.

COMMISSIONER OF SOCIAL SECURITY,

                         Defendant.
-------------------------------------------------------
GARY R. JONES, United States Magistrate Judge:

In October of 2019, Plaintiff James G.[1] applied for Disability

Insurance Benefits ("DIB") and Supplemental Security Income Benefits

("SSI") under the Social Security Act. The Commissioner of Social Security

denied the DIB application and partially denied the SSI application.

Plaintiff, represented by Osborn Law, P.C., Lindsay Morgan Trust, Esq. and

Daniel Adam Osborn, Esq., of counsel, commenced this action seeking

judicial review of the Commissioner's denial of benefits under 42 U.S.C. §§

405 (g) and 1383 (c)(3).  The parties consented to the jurisdiction of a

United States Magistrate Judge. (Docket No. 12).

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil
Procedure 5.2 (c)(2)(B) and the recommendation of the Committee on Court
Administration and Case Management of the Judicial Conference of the United States.

This case was referred to the undersigned on April 21, 2026. Presently pending is Plaintiff's Motion for Judgment on the Pleadings pursuant to Rule 12 (c) of the Federal Rules of Civil Procedure. (Docket No. 15). For the following reasons, Plaintiff's motion is due to be granted, and this case is remanded for further administrative proceedings.

## I.  BACKGROUND

### A.    Administrative Proceedings

Plaintiff applied for benefits on October 3, 2019, alleging disability beginning September 6, 2019. (T at 226-32, 233-42).[2]  Plaintiff's applications were denied initially and on reconsideration.  He requested a hearing before an Administrative Law Judge ("ALJ").  A hearing was held on October 18, 2021, before ALJ Angela Banks. (T at 33-54). On February 23, 2022, ALJ Banks issued a decision denying the applications for benefits. (T at 15-32).  The Appeals Council denied review on April 11, 2023. (T at 1-7).

Plaintiff filed an action in the United States District Court for the Southern District of New York seeking judicial review.  The matter was remanded for further proceedings by stipulation of the parties. (T at 731-33).

---

[2] Citations to "T" refer to the administrative record transcript at Docket No. 7.

A second administrative hearing was held before ALJ Banks on October 28, 2024. (T at 681-96).  Plaintiff appeared with counsel and testified. (T at 686-91).  The ALJ also received testimony from Zachary Fosburg, a vocational expert. (T at 691-94).

*B.    ALJ's Decision*

On February 10, 2025, ALJ Banks issued a decision denying the applications for benefits, in part. (T at 656-69).  The ALJ found that Plaintiff had not engaged in substantial gainful activity since September 6, 2019 (the alleged onset date) and met the insured status requirements of the Social Security Act through December 31, 2021 (the date last insured). (T at 662).

The ALJ concluded that Plaintiff's degenerative disc disease, diabetes, asthma, and chronic kidney disease were severe impairments as defined under the Act. (T at 662).  However, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 403, Subpart P, Appendix 1. (T at 662).

At step four of the sequential analysis the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work, as defined in 20 CFR 404.1567 (a), with the following

limitations: he can occasionally balance on uneven terrain, but has no limitation with respect to balancing on even terrain; he can occasionally stoop, crouch, kneel, crawl, and climb ramps and stairs, but never climb ladders, ropes or scaffolds; he can tolerate no more than occasional exposure to respiratory irritants and requires use of handheld assistive device, such as a cane, in one hand for all ambulation. (T at 663).

The ALJ noted that Plaintiff had no past relevant work and had limited education. (T at 667). The ALJ recognized that Plaintiff's age category changed to an individual closely approaching advanced age on August 27, 2023. (T at 667). The ALJ concluded that, prior to that category change, there were jobs that existed in significant numbers in the national economy that Plaintiff could have performed. (T at 667). However, as of that date, the ALJ found that there were no jobs that exist in significant numbers in the national economy that Plaintiff could perform. (T at 669).

As such, the ALJ found that Plaintiff had not been disabled, within the meaning of the Act, prior to the date last insured, and denied the application for DIB. (T at 669). The ALJ determined that Plaintiff was not disabled prior to August 27, 2023, and denied the application for SSI benefits prior to that date, but found that Plaintiff was disabled, and was entitled to SSI benefits, as of that date. (T at 669-70).

4

## C.    Procedural History

Plaintiff commenced this action, by and through his counsel, by filing a Complaint on April 22, 2025. (Docket No. 1).  On September 30, 2025, Plaintiff filed a motion for judgment on the pleadings, supported by a memorandum of law. (Docket No. 15, 16).  The Commissioner interposed a brief in opposition to the motion and in support of a request for judgment on the pleadings, on February 27, 2026. (Docket No. 19).  On March 20, 2026, Plaintiff submitted a reply memorandum of law in further support of his motion. (Docket No. 21).

## II.  APPLICABLE LAW

### A.    Standard of Review

"It is not the function of a reviewing court to decide de novo whether a claimant was disabled."  *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir. 1999). The court's review is limited to "determin[ing] whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard."  *Poupore v. Astrue*, 566 F.3d 303, 305 (2d Cir. 2009) (per curiam).

The reviewing court defers to the Commissioner's factual findings, which are considered conclusive if supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence" is "more than a mere scintilla"

and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009) (internal quotations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

"In determining whether the agency's findings are supported by substantial evidence, the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn."  *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotations omitted).

"When there are gaps in the administrative record or the ALJ has applied an improper legal standard," or when the ALJ's rationale is unclear, remand "for further development of the evidence" or for an explanation of the ALJ's reasoning is warranted.  *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996).

### B.    Five-Step Sequential Evaluation Process

Under the Social Security Act, a claimant is disabled if he or she lacks the ability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last

for a continuous period of not less than 12 months ...."  42 U.S.C. § 423(d)(1)(A).

A claimant's eligibility for disability benefits is evaluated pursuant to a five-step sequential analysis:

> 1. The Commissioner considers whether the claimant is currently engaged in substantial gainful activity.
>
> 2. If not, the Commissioner considers whether the claimant has a "severe impairment" which limits his or her mental or physical ability to do basic work activities.
>
> 3. If the claimant has a "severe impairment," the Commissioner must ask whether, based solely on medical evidence, claimant has an impairment listed in Appendix 1 of the regulations. If the claimant has one of these enumerated impairments, the Commissioner will automatically consider him disabled, without considering vocational factors such as age, education, and work experience.
>
> 4. If the impairment is not "listed" in the regulations, the Commissioner then asks whether, despite the claimant's severe impairment, he or she has residual functional capacity to perform his or her past work.
>
> 5. If the claimant is unable to perform his or her past work, the Commissioner then determines whether there is other work which the claimant could perform.

*See Rolon v. Commissioner of Soc. Sec.*, 994 F. Supp. 2d 496, 503 (S.D.N.Y. 2014); *see also* 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v).

7

The claimant bears the burden of proof as to the first four steps; the burden shifts to the Commissioner at step five. *See Green-Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003). At step five, the Commissioner determines whether claimant can perform work that exists in significant numbers in the national economy. *See Butts v. Barnhart*, 416 F.3d 101, 103 (2d Cir. 2005); 20 C.F.R. § 404.1560(c)(2).

## III.  DISCUSSION

*A. RFC*

A claimant's "residual functional capacity" ("RFC") is his or her "maximum remaining ability to do sustained work activities in an ordinary work setting on a continuing basis."  *Melville*, 198 F.3d at 52 (quoting SSR 96-8p).  When assessing a claimant's RFC, an ALJ must consider medical opinions regarding the claimant's functioning and make a determination based on an assessment of the record as a whole. *See* 20 C.F.R. §§ 404.1527(d)(2), 416.9527(d)(2) ("Although we consider opinions from medical sources on issues such as ...your residual functional capacity...the final responsibility for deciding these issues is reserved to the Commissioner.").

 As noted above, the ALJ concluded that Plaintiff retained the RFC to perform a range of sedentary work. (T at 663).

8

Plaintiff argues that the ALJ erred in determining that he could perform sedentary work without assessing his work-related abilities on a function-by-function basis.

It is well-settled that before determining a claimant's RFC based on exertional levels (sedentary, light, medium, heavy, or very heavy), the ALJ "must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a *function-by-function basis*." *Cichocki v. Astrue*, 729 F.3d 172, 176 (2d Cir. 2013) (emphasis added) (internal quotation marks omitted); *see also* 20 C.F.R. §§ 404.1545, 416.945.

The work-related functions include physical abilities (standing, sitting, walking, lifting, carrying, pushing, pulling), mental abilities (understanding, remembering, carrying out instructions, and responding to supervision), and other abilities that may be impacted by impairments (seeing, hearing, ability to tolerate environmental factors). *See* SSR 96-8P; *see also* 20 C.F.R. § 404.1545(b)-(d); id. § 416.945; *Cichocki*, 729 F.3d at 176.

Although the Second Circuit has not adopted a per se rule requiring remand in cases where ALJ did not provide an explicit function-by-function analysis—*see Cichocki*, 729 F.3d at 176; *compare Burrows v. Barnhart*, No. 3:03CV342, 2007 WL 708627, at *13 (D. Conn. Feb. 20,

2007)("[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce [ ] a detailed statement in writing"), *with McMullen v. Astrue*, No. 5:05-cv-1484, 2008 WL 3884359, at *6 (N.D.N.Y. Aug. 18, 2008) (remanding because "the ALJ erred in determining that Plaintiff could do light work before fully assessing his work-related abilities on a function-by-function basis")— "remand may be appropriate ... where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Cichock*i, 729 F.3d at 177.

Here, the ALJ failed to assess Plaintiff's capacity to perform relevant functions (e.g., walking, squatting, bending, crouching, stopping, and kneeling) despite contrary evidence in the record.

Dr. Saundra Nickens performed a consultative orthopedic examination in April of 2021.  She diagnosed lumbar back pain with derangement (status post fusion) and abnormal gait. (T at 567).  Dr. Nickens assessed moderate limitation in Plaintiff's ability to ambulate; moderate to marked impairment with respect to transitions, squatting, bending, and crouching; and marked limitation with active range of motion of the lumbar spine. (T at 568).

The ALJ found Dr. Nickens's opinion "generally persuasive." (T at 666).  Notably, however, the RFC determination contains no restriction in Plaintiff's ability to squat or bend; permits occasional crouching, stooping, and kneeling; and implicitly finds that Plaintiff can stand/walk for 2 hours in an 8-hour workday. (T at 663). *See Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996)("Sedentary work … generally involves up to two hours of standing or walking and six hours of sitting in an eight-hour work day.").

Plaintiff testified that severe pain prevents him from sitting or standing for prolonged periods. (T at 39-40, 48-49).  He relies on a home aide for cooking, cleaning, shopping, and doing laundry. (T at 41-42, 45, 686).  In April of 2019, Dr. YuFan Zhang, Plaintiff's treating physician, opined that Plaintiff could not perform his past work as a boiler operator because that job required, *inter alia*, crawling and climbing. (T at 415).  In June and July of 2020, Dr. Zhang reported that Plaintiff experienced severe pain, "aggravated with prolonged sitting, walking and flexion." (T at 509, 511).  In October of 2020, Dr. Arielle Fenig noted that Plaintiff continued to suffer from debilitating pain despite treatment. (T at 514).

The ALJ's failure to provide a function-by-function assessment prevents this Court from determining whether and how the ALJ reconciled the RFC findings with the evidence of marked impairment.

11

Of particular concern here is Dr. Nickens's conclusion that Plaintiff had "marked limitations with active range of motion in the lumbar spine, due to lumbar fusion and intolerable pain." (T at 568).

The ALJ's failure to adequately address this issue was error requiring remand. *See Buchanan v. Colvin*, No. 15-CV-88S, 2016 WL 2729593, at *4 (W.D.N.Y. May 11, 2016) ("[B]ecause the ALJ failed to provide any reasoning behind the RFC, or explanation as to how sedentary work is consistent with Plaintiff's moderate physical limitations, this Court is unable to conduct a meaningful review as to whether the RFC is supported by substantial evidence."); *see also Merkley v. Comm'r of Soc. Sec.*, No. 7:16-CV-1394 (GTS), 2017 WL 4512448, at *8 (N.D.N.Y. Oct. 10, 2017); *Rowe v. Colvin*, 166 F. Supp. 3d 234, (N.D.N.Y. 2016)*; Gomez v. Saul*, No. 1:19-CV-04708 (ALC), 2021 WL 1172674, at *13 (S.D.N.Y. Mar. 29, 2021).

The Commissioner defends the ALJ's decision by pointing to the assessment of Dr. J. Randall, a non-examining State Agency review physician.  Dr. Randall opined that Plaintiff could stand/walk for 2 hours in an 8-hour workday (using a cane for ambulation); sit for about 6 hours in an 8-hour workday; occasionally climb ramps/stairs; never climb ladders or scaffolds; and occasionally balance, stoop, kneel, crouch, and crawl. (T at 85-88).

12

Dr. Randall, however, reviewed the record in April of 2021, nearly four years before the ALJ's decision. *See Shawn H. v. Comm'r of Soc. Sec.*, No. 2:19-CV-113, 2020 WL 3969879, at *8 (D. Vt. July 14, 2020)("Naturally, if nonexamining agency consultants have reviewed only part of the record, their opinions 'cannot provide substantial evidence to support the ALJ's [RFC] assessment if later evidence supports the claimant's limitations.'")(citations omitted); *see also Danette Z. v. Comm'r of Soc. Sec.,* No. 1:19-CV-1273 (ATB), 2020 WL 6700310, at *9 (N.D.N.Y. Nov. 13, 2020).

In addition, reliance on a State Agency review consultant opinion is, without more, insufficient to provide substantial evidence to support a denial of benefits. *See Vargas v. Sullivan*, 898 F.2d 293, 295 (2d Cir. 1990); *Gutierrez v. Kijakazi*, No. 21CV3211JPOVF, 2022 WL 16856426, at *16 (S.D.N.Y. Sept. 29, 2022), *report and recommendation adopted*, No. 21-CV-3211 (JPO), 2022 WL 16856936 (S.D.N.Y. Nov. 9, 2022).

Lastly, given the undisputed evidence of significant impairment in Plaintiff's ability to meet the physical demands of basic work activity and the ALJ's (apparent) decision not to assign full persuasive power to the consultative examiner's opinion, the ALJ should have considered further developing the record and seeking a functional assessment from one of

Plaintiff's treating providers. *See Robins v. Astrue*, No. CV-10-3281 FB, 2011 WL 2446371, at *4 (E.D.N.Y. June 15, 2011)("It is not sufficient for the ALJ simply to secure raw data from the treating physician. What is valuable about the perspective of the treating physician—what distinguishes him from the examining physician and from the ALJ—is his opportunity to develop an informed *opinion* as to the … status of a patient.")(quoting *Peed v. Sullivan*, 778 F. Supp 1241, 1246 (E.D.N.Y.1991)(emphasis original).

A remand is, therefore, required.[3]

*B. Remand*

"Sentence four of Section 405 (g) provides district courts with the authority to affirm, reverse, or modify a decision of the Commissioner 'with or without remanding the case for a rehearing.'" *Butts v. Barnhart*, 388 F.3d 377, 385 (2d Cir. 2002) (quoting 42 U.S.C. § 405 (g)).  Remand for further administrative proceedings is the appropriate remedy "[w]here there are gaps in the administrative record or the ALJ has applied an improper legal

---

[3] This Court need not reach Plaintiff's additional arguments regarding the ALJ's step five analysis, because the ALJ's "failure to develop the record is a threshold issue that impacts other aspects of the disability claim …." *Miraglia v. Comm'r of Soc. Sec.*, No. 20-CV-1964(EK), 2022 WL 1556409, at *4 (E.D.N.Y. May 17, 2022); *see also Morales v. Colvin*, No. 13-CV-6844, 2015 WL 2137776, at *28 (S.D.N.Y. May 4, 2015)(declining to address claimant's additional arguments because "the ALJ's analysis may change on these points upon remand").

standard." *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999); *see also*

*Rhone v. Colvin*, No. 13-CV-5766 (CM)(RLE), 2014 U.S. Dist. LEXIS

180514, at *28 (S.D.N.Y. Nov. 6, 2014).

A remand is required here for the reasons stated above.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Judgment on the

Pleadings (Docket No. 15) is GRANTED and this case is REMANDED for

further administrative proceedings. The Clerk is directed to enter final

judgment in favor of the Plaintiff and then close the file.


Dated: May 5, 2026                     *s / Gary R. Jones*
                                       GARY R. JONES
                                       United States Magistrate Judge